■ NEW YORK UNIVERSITY, Respondent, v. DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Appellants, and WILLIAM L. KORENTHAC et al., Defendants.— Order, Supreme Court, New York County, entered September 4, 1973, granting plaintiff's motion for a preliminary injunction reversed on the law without costs or disbursements and the motion is denied. New York University (NYU), in furtherance of a plan to erect two new structures on its Bronx campus, conveyed the land on the proposed site to the New York State Dormitory Authority (the Authority) and the Authority, in turn, was empowered to float bonds to finance construction of the two buildings. The financing was memorialized in an agreement among NYU, the Authority, and First National City Bank (the Bank), as trustee. The agreement included a revenue bond resolution adopted in October, 1967 which provided that bonds issued were to mature serially on an annual basis from July 1, 1969 to July 1, 1998. Bonds which matured after July 1, 1977 were redeemable prior to maturity but not prior to July 1, 1977. NYU became the lessee and incurred monetary obligations incident to that lease. There were provisions in the agreements for reconveyance of the property back to NYU prior to maturity of the bonds, and the pertinent provisions required that reconveyance to NYU called for redemption of all bonds, with payment of interest as if the bonds were held to maturity or July 1, 1977, whichever date was sooner. The 1977 date reflected the fact that bonds maturing after July 1, 1977 could be redeemed but never sooner than July 1, 1977. In 1972, NYU had arranged to sell the Bronx campus to the City University Construction Fund (Construction Fund) for use by the City University. This sale included the buildings in question and required reconveyance of the land by the Authority to NYU in order that NYU be able to convey title to the Construction Fund. In accordance with the terms of the bond resolution and lease agreement, the Authority and the Bank arranged for reconveyance to occur simultaneously with redemption of the bonds outstanding, including payment of interest. However, NYU took the position that the Bank should hold the bonds until 1977. NYU moved for injunctive relief to prevent redemption of the bonds prior to 1977. NYU relied on the provision in the agreement prohibiting redemption of bonds maturing after July 1, 1977 prior to that date. However, this position is in complete disregard of the prerequisites for reconveyance to NYU, namely, early redemption with payment of interest as if bonds were held until July 1, 1977. The alleged windfall now accruing to bondholders who purchased at a discount and who will now receive the face amount plus interest was contemplated by the parties and agreed upon. Accordingly, the preliminary injunctive relief granted by Special Term was unwarranted. Plaintiff did not show that clear legal right which would warrant the drastic relief sought (*Damon Creations* v. *James Talcott, Inc.*, 39 A D 2d 677; *Graham* v. *Wisenburn*, 39 A D 2d 334; *Oleshko* v. *New York State Liq. Auth.*, 29 A D 2d 84, affd. 21 N Y 2d 778; *Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113). Concur — Nunez, J. P., Murphy, Lane and Steuer, JJ.; Kupferman, J., dissents in the following memorandum: The purpose of the New York State Dormitory Authority, title 4 of article 8 of the Public Authorities Law, is obviously to further the cause of advanced education and not to help create windfalls for bondholders. The bonds involved would be subject to redemption prior to maturity only on and after July 1, 1977. We are given to understand that the

bonds are selling at a discount. To pay the bonds off in full with the redemption premium and interest up to July 1, 1977 is not only bad law but bad business. The bondholders would be adequately protected by the maintenance of the fund, which could be otherwise invested safely but at a substantially greater return in today's money market, so that the excess income could continue to further the cause of education.